Filed 3/16/16  In re A.R. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.R., a Person Coming Under the Juvenile Court Law. | B266268 (Los Angeles County Super. Ct. No. DK11338) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. TIFFANY D., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Rudolph Diaz, Judge.  Dismissed.

Judy Weissberg-Ortiz, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the County Counsel, Mary C. Wickham, County Counsel, Dawyn R. Harrison, Assistant County Counsel, Julia Roberson, Senior Associate County Counsel for Plaintiff and Respondent.

Tiffany D. (mother) appeals the juvenile court's order of June 23, 2015, denying her request to terminate dependency jurisdiction over her daughter A. R., following entry of a judgment declaring the child a dependent of the court pursuant to Welfare and Institutions Code section 360[1] and an order placing the child in home-of-parent-mother. The matter was continued to December 18, 2015, for a judicial review under section 364 to determine, among other things, whether court supervision is still necessary.

Mother contends the juvenile court erred in denying her request to terminate jurisdiction at the June 23 hearing, in that substantial evidence does not support the finding that juvenile court jurisdiction was necessary to protect the child's physical and emotional well-being. At the hearing on December 18, 2015,[2] the court found under section 364 that "continued jurisdiction is necessary because conditions exist which justify jurisdiction under [section] 300, [section] 364, subdivision (c)."[3] The court continued the matter to March 21, 2016, for another review hearing under section 364. We conclude the December 18, 2015, findings and orders rendered the contention moot.[4] Accordingly, we dismiss the appeal.

"'[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.

---

[1]     Hereinafter, all statutory references will be to the Welfare and Institutions Code, unless noted otherwise.

[2]     We have taken judicial notice of the dependency court's minute order of December 18, 2015. (Evid. Code, § 452, subd. (d).)

[3]     Section 364, subdivision (c) provides that jurisdiction will be terminated unless "the conditions still exist which would justify initial assumption of jurisdiction under Section 300, or that those conditions are likely to exist if supervision is withdrawn."

[4]     The parties were provided an opportunity to address whether mother's contention is now moot based on the minute order of December 18, 2015. Respondent, Department of Children and Family Services, filed a letter brief contending the appeal should be dismissed as moot. Mother did not respond.

A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 642, p. 669.)" (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404.) (Accord, *In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054 ["An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief"]; *Carson Citizens for Reform v. Kawagoe* (2009) 178 Cal.App.4th 357, 364 ["'A case is moot when any ruling by this court can have no practical impact or provide the parties effectual relief. [Citation.]'"].)

Reversal of an order does not return the matter to the same facts and circumstances as existed when the order was made. (*In re Arturo A.* (1992) 8 Cal.App.4th 229, 244.) (Accord, *Michael U. v. Jamie B.* (1985) 39 Cal.3d 787, 796.) "[D]ependency cases by their nature are not static, and, because circumstances can change dramatically, the court must make its orders based on the circumstances existing at the time of the hearing." (*In re K.B.* (2009) 173 Cal.App.4th 1275, 1291.)

The issue whether the court abused its discretion in denying mother's request to terminate jurisdiction on June 23, 2015 is now moot. Reversal of the order would be of no practical effect, because the hearing on remand would require evidence of current facts concerning whether juvenile court jurisdiction is necessary to protect the child. That issue has already been determined, with the court concluding on December 18, 2015, current facts require that jurisdiction be continued. Moreover, the juvenile court will address the matter again on March 21, 2016. In these circumstances, there is no effective relief the Court can give mother on appeal. Accordingly, the appeal must be dismissed.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KUMAR, J.*


We concur:


TURNER, P. J.


KRIEGLER, J.

---

*    Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.